UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | |
|---|---|
| ERIC KRIEG,<br><br>    Petitioner,<br><br>v.<br><br>S. LOVETT, WARDEN,<br><br>    Respondent. | Civil Action No. 6: 25-127-KKC<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

In late 2017 while residing in northern Indiana, Eric Krieg made a pipe bomb and mailed it to an attorney in the hope of killing him. Instead, the bomb exploded in the hands of a postal employee who was pregnant at the time, injuring her as a result. Shortly thereafter, Krieg placed a bullet in an envelope and mailed it to a third person along with a letter threatening to kill him. For these crimes, Krieg was charged with making an unregistered destructive device in violation of 26 U.S.C. §§ 5861(f), 5845(a),(f) (Count I); mailing a destructive device in violation of 18 U.S.C. § 1716(j)(2) (Count II); Malicious Use of Explosive Materials in violation of 18 U.S.C. § 844(i) (Count III); Possessing a Destructive Device In Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A) (Count IV); and Mailing a Threatening Communication in violation of 18 U.S.C. § 876(c) (Count V). *See United States v. Krieg*, No. 2: 17-CR-146-JVB (N.D. Ind. 2017), [R. 9 therein].

In November 2018, Krieg reached a binding plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure to plead guilty to four charges in exchange for the dismissal of Count IV. *See* [R. 28 therein]. As part of the agreement Krieg and the government agreed that "[Krieg] should receive a sentence of twenty-nine (29) years imprisonment." *See id*. at 4-5. Krieg verbally affirmed at the change of plea hearing that if it was accepted by the trial judge the plea agreement was binding upon the Court and that he would be sentenced to 29 years in prison. *See* [R. 57 therein at 17] During the April 2019 sentencing hearing, Krieg again acknowledged that the plea required a specific sentence of 29 years imprisonment. *See* [R. 58 therein at 7-8] The Court accepted the plea agreement at the sentencing hearing and orally imposed the agreed-upon 348-month [29-year] sentence. *See id*. at 30. The Court entered its written judgment imposing the 348-month sentence in

April 2019. [R. 43 therein] The trial court thereafter denied several dozen post-judgment motions for relief filed by Krieg.

Krieg has now filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1][1] Krieg contends that the Bureau of Prisons is not properly calculating the length of his sentence, despite the fact that the plea agreement, statements made during the plea hearing and sentencing hearing, and written judgment all establish an agreed-upon sentence of 348 months. *See* [R. 28 therein at 4-5; R. 57 therein at 17; R. 58 therein at 7-8, 30; R. 43 therein] Krieg contends that the written criminal judgment should have set forth an individual sentence for each count of conviction rather than imposing a single, cumulative sentence.[2] *See* [R. 1 at 1-2] From that faulty legal premise, he contends that the trial court actually imposed several individual sentences of 84-102 months, each of which run concurrently with one another, resulting in a 102-month sentence. *See id*. at 18-20. Krieg's argument is facially frivolous: the trial court imposed a single, agreed-upon sentence of 348 months that he agreed to in a binding plea agreement. The Bureau of Prisons is therefore properly calculating Krieg's sentence in this regard.[3] The Court will therefore deny the petition.

The Federal Rules of Appellate Procedure provide that either before or after entry of judgment, the Court may certify that any appeal would not be taken in good faith. Fed. R. App. P. 24(a)(3)(A). When assessing whether an action is taken in good faith, the inquiry is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Here, reasonable jurists could not differ in concluding that the claim in Krieg's petition is without merit, and hence it fails to present any viable claim for relief. The Court will therefore certify that any appeal would not be taken in good faith. The Court will

---

[1] After the filing fee was paid, Krieg filed a "Motion to Take Judicial Notice" of that fact and asking the Court to proceed with his petition. *See* [R. 7] Because the payment of a filing fee is not an adjudicative fact that is capable of being noticed, the Court will deny the motion. And, in any event, the Court now conducts the initial review required by Section 2243.

[2] At various points, Krieg expressly or impliedly asserts that the judgment is invalid for its failure to do so. *See* [R. 1 at 23-31] Krieg's sole remedy to challenge the validity of the judgment is a motion under Section 2255. *See Jones v. Hendrix*, 143 S .Ct. 1857 (2023). He cannot complain that the BOP is acting improperly when it straightforwardly implements a still-valid judgment which he contends should be vacated.

[3] In a pair of post-judgment motions Krieg argued to the trial court that the written judgment, which stated only a total sentence without articulating a distinct sentence for each count, conflicted with either the plea agreement or the oral sentence imposed during the hearing. *See* [R. 142; R. 180 therein] The trial court rejected that argument twice as meritless. *See* [R. 155 therein at 2-3; R. 181] The Seventh Circuit affirmed. *See* [R. 210-2 therein]; *United States v. Krieg*, No. 24-1862 (7th Cir. July 25, 2025).

therefore deny any motion to proceed *in forma pauperis* on appeal should Krieg file such a motion, and impose the full $605.00 appellate filing fee unless the Sixth Circuit grants *pauper* status.

Accordingly, it is **ORDERED** as follows:

1. Krieg's "Motion to Take Judicial Notice," [R. 7], is **DENIED**.
2. The petition [R. 1] is **DENIED**.
3. The Court **CERTIFIES** that any appeal would not be taken in good faith.
4. This matter is **STRICKEN** from the docket.

Entered: November 6, 2025.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge